UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROGER DALE BELCHER, JR,

    Petitioner,

v.                                     Case No. 5:18cv32-MCR-HTC

MARK S. INCH,[1]

    Respondent.
_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Roger Dale Belcher, Jr.'s petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Although Belcher presents three grounds for relief, the crux of Belcher's petition is that Florida's medical marijuana law is inconsistent with Florida law prohibiting the use and possession of methamphetamines as well as federal law on controlled substances, rendering the Florida drug laws contrary to the U.S. Constitution and Belcher's

---

[1] Mark S. Inch succeeded Julie Jones as Secretary of the Florida Department of Corrections and is automatically substituted as the respondent. *See* Fed. R. Civ. P. 25(d). The clerk is directed to update the case file information to reflect Mark S. Inch as the Respondent.

conviction for possession of methamphetamines a cruel and unusual punishment. ECF Doc. 1. After considering the petition, the State's response (ECF Doc. 25), and Belcher's reply (ECF Doc. 27), the undersigned recommends the petition be **DENIED** without an evidentiary hearing.

## I.  BACKGROUND

On January 6, 2017, Belcher was pulled over for a broken taillight and admitted he did not have a valid driver's license. ECF Doc. 25-2 at 20. He was ticketed with driving while license suspended or revoked - habitual, not having a motion vehicle registration, and attaching a registration license plate not assigned to the vehicle. ECF Doc. 25-1 at 29. He was released on bond. *Id.* at 20-28. On March 10, 2017, an Information was returned against Belcher in case number 2017-CF-73, charging him only with driving with his license canceled, suspended or revoked in violation of Florida Statute § 332.34(2). *Id.* at 33. The Information charged that he had previously been convicted of that crime twice. *Id.*

Meanwhile, on March 2, 2017, Belcher took a 2009 Load Master trailer valued at over $2,000 that did not belong to him and attempted to sell it for $1,800 on Craigslist. ECF Doc. 25-1 at 106. The owner was contacted and provided a sworn statement that the owner did not generate the listing or give Belcher permission to

take or sell the trailer. *Id.* Belcher also admitted post-*Miranda* that he stole the trailer. *Id.*

Belcher was taken into custody for grand theft and gave deputies consent to search his vehicle. ECF Doc. 25-1 at 104. During the search, deputies located an amount of a "crystal type substance that when field tested gave a positive reaction for methamphetamine." *Id.* Also located during the search were syringes which when field tested gave a positive reaction for methamphetamine. *Id.* Belcher was subsequently charged with felony Possession of a Controlled Substance (Count I), felony Grand Theft (Count II), and misdemeanor Possession of Drug Paraphernalia (Count III), in 2017-CF-807 & 808, which were consolidated into 2017-CF-807. *Id.* at 112.

On June 29, 2017, Belcher entered an open plea to the court on the charges in both 2017-CF-73 and 2017-CF-807. ECF Doc. 25-2 at 14. The court informed Belcher of the total maximum sentence -- fifteen years in state prison and one in county jail -- and asked Belcher if he still wished to proceed "without any agreement as to the sentence, with the understanding that the State, or that the Court can impose any sentence, constrained only by the maximum sentence permitted by law…." *Id.* at 17-18. Belcher stated, "Yes, sir, I would like to enter a plea of no contest." *Id.* at 18. After asking Belcher several more questions to ascertain Belcher's competency

and his knowledge of the consequences of entering the open plea, the court found that the open plea of guilty was freely and voluntarily entered and accepted the plea. *Id.* at 21. At no time did Belcher raise any objection to the constitutionality of Florida's drug laws or attempt to reserve any issues for appeal.

Sentencing was held in both cases on July 20, 2017, and involved four charges: felony drug possession (Count I from 2017-CF-807), felony driving with license revoked (from 2017-CF-73), felony grand theft (Count II from 2017-CF-807) and misdemeanor possession of drug paraphernalia (Count III from 2017-CF-807). *Id.* at 24. Belcher spoke at his sentencing, describing his 27 years of "sorrow, despair, and addiction," his "crimes against humanity," and "crimes that [he] [hasn't] been held into account for." *Id.* at 30. Belcher explained "I've committed many crimes, all for the love of drug, but it's no excuse. I know what I was doing. I'm not blaming nobody but myself. I'm standing accountable for my actions." *Id.* at 32.

He complained that probation had declined his request for "rehab" twice before but had recently completed a Lifeline rehab program while in pretrial detention. *Id.* at 32-33. He then asked the Court to consider sentencing him to "eight years DOC suspended, completion of Lifeline, and I need further assistance. And I don't care about probation or the fines, because if you do them right, probation is

easy to do." *Id.* at 33.  At no point did he discuss the constitutionality of Florida's drug laws.

The court declined to impose a suspended sentence and instead, sentenced Belcher to 60 months on each of the drug possession (Count I) and grand theft charges (Count II), time served (141 days) on the driving while license suspended charge (2017-CF-73), and time served (141 days) on the possession of drug paraphernalia charge (Count III), with all the sentences to run concurrently for a total sentence of 60 months.  *Id.* at 34.

On July 27, 2017, Belcher filed a *pro se* "Notice to Appeal", raising seven issues, none of which was that the Florida drug laws were unconstitutional.[2]  ECF Doc. 25-1 at 65-66.  That same day, he also filed a *pro se* "Motion to Dismiss/Vacate Sentence" arguing that the prosecutor "conspired against the court to error falsify official documents" and his counsel failed to correct the wrongdoing.  *Id.* at 71-74.  Nothing in that motion concerned the constitutionality of Florida's drug laws.  *Id.*

---

[2] The seven issues were:  (1) prosecutor intentionally misled and concealed facts of accepted plea; (2) prosecutor withheld vital facts to the case in rules of discovery; (3) defendant's counsel was aware of missing documents in the discovery and failed to remedy or inform the court; (4) defendant's attorney made no effort to correct the court in the misrepresentation of the "accepted plea," (5) the court erred in not swearing in the defendant prior to making in statement; (6) other rights protected under the "Constitution of the United States" apply that have been violated; and (7) the prosecutor cannot override a judges accepted plea decision."  ECF Doc. 25-1 at 65-66.

The state court dismissed the motion to dismiss/vacate without prejudice for lack of jurisdiction because the direct appeal was then pending. *Id.* at 100.

Belcher was appointed appellate counsel, *id.* at 95, who filed an *Anders* brief explaining why the appeal was without merit. ECF Doc. 25-2 at 43-49 (citing *Anders v. California*, 386 U.S. 738 (1967)). Belcher was given permission to file a *pro se* initial brief (*id.* at 53) and did so by delivering his brief to Graceville Correctional Institution mail officials on October 19, 2017.[3] *Id.* at 55-64. Belcher's *pro se* brief included, for the first time, an argument regarding the unconstitutionality of Florida's drug laws – namely Fla. Stat. § 381.986, allowing the use of medical marijuana while at the same time making illegal the possession or use of methamphetamine. *Id.* 57-63. For a remedy, he sought "Relief from the oppression of injustice, laws of enslavement, equal protection under the Constitution of the United States … and recused from the powers of judgment of Florida [sic]. Relief from the financial prevention and burden of oppression of civil adjudgements [sic]." *Id.* at 63. The First District Court of Appeal affirmed, *per curiam*, on February 14, 2018, *id.* at 66, with the mandate issuing March 14, 2018. *Id.* at 68.

---

[3] See *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing).

## II. THE INSTANT PETITION

Belcher filed the instant timely federal petition by delivering it to prison officials at Graceville Correctional Facility on January 29, 2018.[4] ECF Doc. 1 at 24. In his petition, Belcher seeks to vacate his sentence and judgment for 2017-CF-73[5] and 2017-CF-807. He raises the following three grounds for relief:[6]

> Ground 1: The State of Florida's enactment of Section 381.986, Florida Statutes, violates Section VI of the Constitution, which declares the Constitution and Laws of the United States "the supreme Law of the Land", because the state law legalizes medical marijuana in contravention of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(d).
>
> Ground 2: The State of Florida's enactment of Section 381.986, Florida Statutes, constitutes an act of treason under Article III, § 3, because the state law legalizes medical marijuana, which amounts to aiding the "enemy" (drugs), after the Federal Government declared a war on drugs. The State of Florida's incarceration of petitioner for violating Section 893.13, Florida Statutes, by possessing a controlled substance is hypocritical considering the State's violation of the "supreme Law of the Land" by legalizing medical marijuana.
>
> Ground 3: Petitioner's imprisonment for violating state law by possessing a controlled substance violates the Eighth Amendment's prohibition on cruel

---

[4] Belcher filed his petition prior to the First DCA mandate having been issued.

[5] The State argues that Belcher cannot seek relief from the judgment and sentence in 2017-CF-73 or Count III of 2017-CF-807 because he is not "in custody" for those offenses – the sentences for those offenses having been 141 days' time served. The undersigned agrees. *See* 28 U.S.C. § 2254(a); *see e.g., Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

[6] In its initial response to the petition, the State filed a motion for more definite statement (ECF Doc. 10). The Court issued an order setting forth Belcher's three grounds of error and allowing Belcher an opportunity to file an amended petition "[i]f the foregoing interpretation is not correct." ECF Doc. 13. Belcher filed a notice stating, "[h]aving read and seen [ECF Doc. 13], Petitioner asserts the court's interoperation in essence, is valid."

and unusual punishment, because the State of Florida itself violated Federal law (21 U.S.C. § 841) by legalizing medical marijuana.

ECF Doc. 13 at 3. Belcher requests "Relief and Recused from the Judicial Powers of Florida; Declare independence of the State; Brought before federal jurisdiction, or what the Court deems." ECF Doc. 1 at 24. ECF Doc. 1.

The State seeks a denial of Belcher's petition. As to ground one, the State argues the First DCA's summary affirmation of his judgment was not an adjudication on the merits and therefore not subject to federal review under § 2254. Alternatively, the State argues, Belcher is not entitled to relief on the merits and because his claims are procedurally defaulted. Specifically, the State argues Belcher waived his right to appeal his judgment by pleading *nolo contendere*. As to grounds two and three, the State argues Belcher failed to raise these federal claims in the state court and thus has not exhausted his state remedies. Alternatively, the State argues the petition should be denied on its merits.

In his reply, ECF Doc. 27, Belcher counters the state's waiver argument on the ground that he was "advised by the sentencing judge that he could appeal the court's decision without any reservation need [sic] to be made or advised to" and that "Petitioner does have a right to appeal the judgement and sentence imposed." ECF Doc. 27 at 2-3. With regard to the State's failure-to-exhaust argument, Belcher

counters that each issue in his petition was raised by direct appeal to the First DCA.[7] *Id.* at 3. Finally, Belcher argues the reference to "Cruel and Unusual Punishment" in Count III of his petition is sufficient to fairly state an Eighth Amendment claim. *Id.* at 6-7.

## III. DISCUSSION

### A. Failure to Exhaust

"An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available to him in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). As stated above, Belcher raises three grounds for relief, which can be summarized succinctly has follow: Ground One: Florida's medical marijuana statute is contrary to the federal law; Ground Two: Because Florida's medical marijuana statute is contrary to federal law, his conviction under Florida's controlled substance statute is hypocritical; and Ground Three: Belcher's

---

[7] Despite making this argument, the undersigned notes that in Belcher's petition, Belcher concedes he has not exhausted his state remedies and explains his failure as follows: "Reasonable expectation that the lower, inferior courts will not correct itself. In belief the state judiciaries have already exalted itself over the supreme justices decisions and rulings. In obvious lack of fundamental endeavors contrary to the Constitution of the United States." ECF Doc. 1 at 5, *see also*, *Id.* at 9 (Ground 2 - "Reasonable assumption the Florida State Justices will not correct itself. As it has displayed its endeavor to overrule the supreme federal laws."); *Id.* at 18 (Ground 3 - "Reasonable expectation the Florida state justices will not correct itself. As a citizen, have a reasonable right for the superior court for a redress of grievances.").

Case No. 5:18cv32-MCR-HTC

conviction for possession of a controlled substance constitutes cruel and unusual punishment. ECF Doc. 1. The undersigned finds that, read liberally, Belcher raised these federal claims in his brief on direct appeal to the First DCA. ECF Doc. 25-2 at 57-63.

Thus, as an initial matter, the undersigned finds that Belcher did not fail to exhaust his administrative remedies as to Grounds One, Two or Three. Regardless, even if the undersigned were to find that Belcher has not exhausted his administrative remedies, the undersigned would still recommend dismissal rather than a stay of the petition as Belcher is barred by state procedure from raising these issues in state court. *See infra, Section III.C.; see also, Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

### B. The First DCA's Summary Affirmation Without Opinion

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. *See* 28 U.S.C. § 2254. Under the AEDPA, federal courts may grant habeas relief only when the adjudication of a federal constitutional claim "on the merits in State court proceedings" either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018)

When conducting federal habeas review, a federal court must identify the last state court decision that adjudicated the claim on the merits, if any. *Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). That last state court decision may be the appellate decision or, in some cases, where the appellate decision is unaccompanied by an opinion, the trial court's decision on a post-conviction motion. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (if the last decision on the merits is without opinion, the federal court is to "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale").

Here, Belcher raised the instant federal claims for the first time in his *pro se* initial brief on appeal to the First DCA. The First DCA affirmed without opinion. Belcher did not appeal the First DCA's decision. Thus, because the instant issues were raised for the first time on direct appeal, there is no state court decision for this Court to apply the *Wilson* "look through" presumption.

In such a circumstance, the Supreme Court's decision in *Harrington v. Richter*, 562 U.S. 86 (2011) instructs that "[w]hen a federal claim has been presented to a state a court and the state court has denied relief, it may be presumed that the

state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principle to the contrary." *See id.* at 99. Like Belcher, the petitioner in *Richter* did not raise his federal claim until he filed his appeal to the California Supreme Court. Additionally, the Court stated in *Richter*, that "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* at 98.

Although the presumption that the state court's decision was on the merits, can be "overcome when there is reason to think some other explanation for the state court's decision is more likely," *see id.* at 99, the Supreme Court has also held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *See Harris v. Reed,* 489 U.S. 255, 263 (1989). Here, the State argues that "there are well-established state-law procedural principles on which the First DCA would have relied to reject Petition's claim as being procedurally barred, rather than adjudicating it on the merits." ECF Doc. 25 at 17. The undersigned, however, need not determine whether the State has overcome the presumption that the First DCA's decision was

on the merits or on state procedural grounds because either way, Belcher is not entitled to habeas relief.

### C.     Belcher's No Contest Plea Bars Habeas Relief

Under Fla. R. App. P. 9.140(b)(2)(A):

>   A defendant may not appeal from a guilty or nolo contendere plea except as follows:
>
>   (i) Reservation of Right to Appeal. A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
>
>   (ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
>> a. the lower tribunal's lack of subject matter jurisdiction;
>> b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
>> c. an involuntary plea, if preserved by a motion to withdraw plea;
>> d. a sentencing error, if preserved; or
>> e. as otherwise provided by law.

Additionally, "[a] defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). A plea of no contest "is the legal equivalent of a guilty plea and a waiver of all non-jurisdictional defects." *United States v. Caraway*, 474 F.2d 25, 28 (5th Cir. 1973), *vacated on other grounds*, 483

F.2d 215 (5th Cir. 1973) (*en banc*) (per curiam). *See also Hudson v. United States*, 272 U.S. 451, 455 (1926) (explaining that a plea of nolo contendere "is an admission of guilt for the purposes of the case."). However, "a defendant can still maintain an attack on the voluntary and knowing nature of the guilty plea itself." *Duhart v. United States*, 556 F. App'x 897, 898 (11th Cir. 2014).

Belcher does not challenge the jurisdiction of the state court or the voluntary and knowing nature of the guilty plea itself. Nor did he reserve any issues for appeal when he pled no contest. Furthermore, his federal claims do not fall within any category of "Appeals Otherwise Allowed." Belcher is correct that after handing down Belcher's sentence, the sentencing judge told Belcher he could "appeal his judgment and sentence" and did not mention any need to reserve that right. ECF Doc. 27 at 2-3; *see* ECF Doc. 25-2 at 35 (sentencing transcript). *However*, during his plea colloquy, and before he entered his no contest plea, Belcher was asked "Do you understand also that you're giving up the right to appeal any of the issues relating to these charges, including the issues of guilt or innocence?" ECF Doc. 25-2 at 18-19. Belcher responded, "Yes, sir, I do." *Id.* at 19.

Accordingly, the undersigned finds that Belcher's plea bars his § 2254 relief.

### D.     Belcher Is Not Entitled to Relief on the Merits

A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of a state court's decision. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). As stated above, habeas relief is granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" decisions from the Supreme Court, or was "based on an unreasonable determination of the facts."[8] 28 U.S.C. § 2254(d). *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). The phrase "clearly established federal law" refers only "to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Yarborough*, 541 U.S. at 660-61 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); *Raulerson v. Warden*, 928 F.3d 987, 995-96 (11th Cir. 2019).

In the instant case, Belcher has not cited any authority supporting his arguments that (1) the Supremacy Clause renders Florida's drug laws unenforceable, (2) he cannot be convicted under Florida's drug laws because Florida is committing

---

[8] Belcher's claims are purely legal; they do not involve a determination of the facts by the state courts. Thus, he must demonstrate a clearly established federal law that his custody violates.

treason by allowing medical marijuana use, or (3) convicting him under Florida's drug laws is violates the Eighth Amendment because Florida is violating federal drug laws in allowing medical marijuana use. ECF Doc. 1. Indeed, none exists. To the contrary, the few federal courts that have addressed the issue of whether a state's medical marijuana statute can co-exist with the federal Comprehensive Drug Abuse Prevention and Control Act of 1970 ("CSA") have held that it can. *See e.g., Gonzalez v. Raich*, 545 U.S. 1 (2005) (application of the CSA to intrastate growers and users of marijuana for medical purposes did not violate Commerce Clause); *U.S. v. Inzer*, 2015 WL 3404672 (M.D. Fla. May 26, 2015) (quoting *United States v. Canori*, 737 F.3d 181, 185 (2d Cir. 2013)) ("[m]arijuana remains illegal under federal law, even in those states in which medical marijuana has been legalized"). Thus, Belcher cannot point to any federal law that was "clearly established at the time of the state-court decision" that his conviction violates. *See White*, 572 U.S. at 426.

Accordingly, Belcher is not entitled to habeas relief.

### E.  Evidentiary hearing

For the above reasons, the undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's

factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 474.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The clerk shall change the docket to reflect that Mark S. Inch has been substituted as the respondent.

And, it is respectfully RECOMMENDED:

1. That Petitioner's petition under 28 U.S.C. § 2254 be DENIED, without an evidentiary hearing;

2. That a certificate of appealability be DENIED; and

3. That the clerk close this matter.

At Pensacola, Florida, this 6th day of August, 2019.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.